UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN EMERY,

                    Petitioner,

v.                                    Case No. 3:07-cv-440-J-34JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.
_____

**ORDER**

**I. Status**

Petitioner Emery, who is proceeding pro se, initiated this
action by filing a Petition for Writ of Habeas Corpus (Doc. #1)
under 28 U.S.C. § 2254 on May 15, 2007, pursuant to the mailbox
rule.  Petitioner filed an Amended Petition for Writ of Habeas
Corpus (Amended Petition) (Doc. #8) with supporting exhibits (Pet.
Ex.) on December 12, 2007.  Emery challenges a 2002 state court
(Clay County, Florida) judgment of conviction for first degree
murder and attempted armed robbery on the following grounds: trial
counsel provided ineffective assistance because (1) he failed to
present sufficient facts and call Captain Allen Trew and Ms.
Danielowicz[1] as witnesses at the pretrial suppression hearing; (2)
he failed to preserve for appellate review, move for a mistrial and

_____

[1] The Court will refer to her as "Ms. Danielowicz" since her
first and last names are spelled differently throughout the record.

object to the prosecutor's violations concerning a motion in limine; (3) he failed to preserve for appellate review and object to prosecutorial misconduct; (4) he failed to challenge the sufficiency of the Indictment or object to the jury instruction concerning principals when Petitioner was not charged as a principal in the Indictment; and (5) his cumulative errors rendered his representation ineffective. Further, Petitioner presents an additional ground for habeas relief: his contention that the trial court erred in overruling his objection and denying his motion for mistrial when the prosecutor, during closing argument, improperly commented upon Emery's failure to produce evidence, thus violating the Fourteenth Amendment of the United States Constitution.

Respondents have submitted a memorandum in opposition to the Amended Petition. See Respondents' Amended Response to Petition for Habeas Corpus (Response) (Doc. #22).[2] On February 19, 2008, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #10), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on July 8, 2010. See Petitioner's Traverse to Amended Response (Reply) (Doc. #26). This case is ripe for review.

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

## II. State Court Procedural History

On May 15, 2000, Emery was charged in Clay County, Florida, with second degree murder and attempted armed robbery.  Resp. Ex. A at 7-8, Information.  On October 25, 2000, he was indicted for first degree murder and attempted armed robbery.  Id. at 48-50, Indictment.  At the conclusion of a jury trial, the jury found Emery guilty of first degree murder (count one) and attempted armed robbery (count two), as charged in the Indictment.  Id. at 149-50, Verdicts; Resp. Exs. D-G, Transcripts of the Trial Proceedings (Tr.) at 772.  The court adjudged Emery guilty in accordance with the verdict and sentenced him to life imprisonment for count one and fifteen years of imprisonment for count two, to run concurrently.  Resp. Ex. A at 184-91; Resp. Ex. B, Transcript of the Sentencing Hearing, at 9.

On appeal, Petitioner, through counsel, filed a brief, in which he argued that the trial judge erred in overruling Emery's objection and denying his motion for mistrial when the prosecutor, during closing argument, improperly commented on Emery's failure to produce evidence, thus violating the Fourteenth Amendment of the United States Constitution.  Resp. Ex. H.  The State filed an Answer Brief.  See Resp. Ex. I.  On February 19, 2003, the appellate court affirmed Emery's conviction and sentence per curiam.  Emery v. State, 838 So.2d 1149 (Fla. 1st DCA 2003); Resp. Ex. J.  The mandate issued on March 7, 2003.  Resp. Ex. J.

On August 24, 2003, Petitioner filed a motion for correction
of illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).  Resp.
Ex. K at 1-6.  The court denied the motion on February 3, 2004.
Id. at 12-34.  Although Petitioner appealed, no briefs were filed.
Resp. Ex. PD-3.   The appellate court affirmed the denial per
curiam on April 27, 2004.  Emery v. State, 872 So.2d 901 (Fla. 1st
DCA 2004); Resp. Ex. L.  The mandate was issued on May 25, 2004.
Resp. Ex. PD-3.

On November 2, 2004, Petitioner filed a pro se motion for post
conviction relief (3.850 motion) pursuant to Fla. R. Crim. P.
3.850, raising five claims of ineffectiveness based upon counsel's:
(1) failure to present sufficient facts and witnesses (Captain
Allen Trew and Ms. Danielowicz) at the suppression hearing; (2)
failure to object to the prosecutor's violations concerning a
motion in limine; (3) failure to object to numerous instances of
prosecutorial misconduct; and (4) failure to object to the jury
instruction concerning principals when Emery was not charged as a
principal in the Indictment; as well as (5) the cumulative effect
of his errors.  Resp. Ex. M at 1-81.  The trial court denied the
3.850 motion on August 14, 2006.  Resp. Ex. N at 193-206.
Thereafter, the court denied Emery's motion for rehearing.  Resp.
Ex. O at 419-23.

Petitioner appealed the denial of his 3.850 motion, see id.
at 424-25, and filed a brief, see Resp. Ex. P.  The State filed a

4

notice that it would not file an answer brief.  Resp. Ex. Q.  On
April 2, 2007, the appellate court affirmed the denial per curiam.
See Emery v. State, 955 So.2d 569 (Fla. 1st DCA 2007); Resp. Ex. R.
The mandate issued on May 29, 2007.  Resp. Ex. R.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of
limitations.  See 28 U.S.C. § 2244(d); Order (Doc. #20); Response
at 2.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a
federal court must consider whether such a hearing could enable an
applicant to prove the petition's factual allegations, which, if
true, would entitle the applicant to federal habeas relief."
Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).
"It follows that if the record refutes the applicant's factual
allegations or otherwise precludes habeas relief, a district court
is not required to hold an evidentiary hearing."  Id.  The
pertinent facts of this case are fully developed in the record
before the Court.  Because this Court can "adequately assess
[Petitioner's] claim[s] without further factual development,"
Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert.
denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be
conducted.

# V.  Standard of Review

Under  the  Antiterrorism  and  Effective  Death  Penalty  Act  of 1996,  Pub.L.  104-132,  110  Stat.  1214  (AEDPA),  the  review  "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)."  Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state
> court only if the state court adjudication[3]
> resulted in a decision that was:  "(1) . . .
> contrary to, or involved an unreasonable[4]
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States; or (2) . . . based on an
> unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding."  28 U.S.C. § 2254(d);
> Marquard, 429 F.3d at 1303.[5]  The phrase
> "clearly established Federal law," as used in
> § 2254(d)(1), encompasses only the holdings,
> as opposed to the dicta, of the United States
> Supreme Court as of the time of the relevant
> state court decision.  See Carey v. Musladin,

---

[3] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[5] Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

> 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
> 482 (2006) (citing <u>Williams v. Taylor</u>, 529
> U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
> L.Ed.2d 389 (2000)); <u>Osborne v. Terry</u>, 466
> F.3d 1298, 1305 (11th Cir. 2006).

<u>Id</u>. at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." <u>Schriro</u>, 550 U.S. at 473-74.  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for
> ineffective assistance of counsel claims was
> set forth by the U.S. Supreme Court in
> <u>Strickland v. Washington</u>, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To
> establish a claim of ineffective assistance of
> counsel, first, "the defendant must show that
> counsel's performance was deficient . . .

7

> [which] requires showing that counsel made
> errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id</u>. at
> 687, 104 S.Ct. at 2064.  Second, the defendant
> must show that counsel's deficient performance
> prejudiced him.  <u>Id</u>.  That is, "[t]he
> defendant must show that there is a reasonable
> probability that, but for counsel's
> unprofessional errors, the result of the
> proceeding would have been different.  A
> reasonable probability is a probability
> sufficient to undermine confidence in the
> outcome."[6]  <u>Id</u>. at 694, 104 S.Ct. at 2068.

<u>Gaskin v. Sec'y, Dep't of Corr.</u>, 494 F.3d 997, 1002 (11th Cir.

2007) (per curiam).  Since both prongs of the two-part <u>Strickland</u>

test must be satisfied to show a Sixth Amendment violation, "a

court need not address the performance prong if the petitioner

cannot meet the prejudice prong, and vice-versa." <u>Ward v. Hall</u>,

592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

A state court's adjudication of an ineffectiveness claim is

accorded great deference.

> The question "is not whether a federal
> court believes the state court's
> determination" under the <u>Strickland</u> standard
> "was incorrect but whether that determination
> was unreasonable - a substantially higher
> threshold." <u>Schriro</u>, <u>supra</u>, at 473, 127 S.Ct.
> 1933.  And, because the <u>Strickland</u> standard is
> a general standard, a state court has even

---

[6] "[W]hen a defendant raises the unusual claim that trial
counsel, while efficacious in raising an issue, nonetheless failed
to preserve it for appeal, the appropriate prejudice inquiry asks
whether there is a reasonable likelihood of a more favorable
outcome on appeal had the claim been preserved." <u>Davis v. Sec'y
for the Dep't of Corr.</u>, 341 F.3d 1310, 1316 (11th Cir. 2003) (per
curiam) (citation omitted).

> more latitude to reasonably determine that a
> defendant has not satisfied that standard.
> See Yarborough v. Alvarado, 541 U.S. 652, 664,
> 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)
> ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's
> specificity. The more general the rule, the
> more leeway courts have in reaching outcomes
> in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

addition to the deference to counsel's performance mandated by

Strickland, the AEDPA adds another layer of deference--this one to

a state court's decision--when we are considering whether to grant

federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner claims that defense counsel (Refik Werner Eler), at

the suppression hearing, was ineffective because he failed to call

Ms. Danielowicz (Emery's girlfriend) and Captain Allen Trew as

witnesses and present facts to show that Emery's statement to the

officers was involuntary due to physical abuse and a promise made

by an officer that he could visit his girlfriend.   See Amended

Petition at 4-7.  As acknowledged by the parties, Petitioner raised

this claim in his 3.850 motion.   After identifying the two-prong

Strickland ineffectiveness test as the controlling law, the trial

court denied the 3.850 motion with respect to this issue, stating

in pertinent part:

In the Defendant's first ground for relief, he alleges that trial counsel rendered ineffective assistance for failing to present sufficient facts and witnesses to establish "standing" in his motion to suppress hearing. (Defendant's Motion at 4.) Initially, this Court notes, and the Defendant agrees in his Reply, that standing was not an issue in the Defendant's Motion to Suppress. (Defendant's Reply at 2.) The substance of the Defendant's Motion to Suppress was that the sworn statement he gave to Clay County Sheriff's Detectives J. Redmond and J.W. Bennett was not voluntarily given. (Exhibit "C.") The Defendant claimed that the detectives physically threatened and coerced him into giving the statement. After considering the arguments of the parties and holding an evidentiary hearing on the Motion, the Court denied the Defendant's Motion, and the denial of that Motion was affirmed on appeal. (Exhibits "B,"-"H.")

In the instant Motion, the Defendant claims that trial counsel was ineffective for failing to call Misti Danielowi[c]z and Captain Allen Trew as witnesses in support of the Defendant's Motion to Suppress. Had trial counsel called these witnesses, the Defendant claims they would have testified that Captain Trew allowed the Defendant to have a visit from the Defendant's then girlfriend, Misti Danielowi[c]z, in exchange for giving a sworn statement to the detectives. (Defendant's Motion at 4-5.) This Court notes that neither Ms. Danielowicz's or Captain Trew's depositions were filed as a part of the record.

With respect to the Defendant's claim concerning Misti Danielowicz, at the December 20, 2001 [h]earing, trial counsel explained why Misti Danielowi[c]z was not testifying:

        Mr. Eler: Your Honor, I did want to
        call Misti Danielowicz, but --

        The Court: Okay.

10

Mr. Eler: -- we were unable to serve her. My investigator talked with her and made arrangements to serve her with the subpoena yesterday. She didn't show or she wasn't there. I was going to ask the Court -- Judge, I know we've got a January 7 trial date. We are on the calendar January 3rd and I was going to ask the Court to attempt to locate her for brief testimony regarding any contact with the Baker County Sheriff's Office for that January 3rd date, if that's possible.

The Court: Okay. Thank you.

Mr. Eler: Thank you.

(Exhibit "D," pages 116-17, 130-31.)[7]  When Ms. Danielowicz failed to appear for the continuation of the Motion to Suppress hearing on January 3, 2002, the trial court passed the hearing and issued an Order to Show Cause as to why Ms. Danielowicz failed to appear. (Exhibits "I," "J.") On January 7, 2002, Ms. Danielowicz appeared before the trial court:

The Court: All right. Are y'all ready to call that witness?

Trial counsel: Judge, she's here.

I now have had the opportunity to personally chat with her. It's my intention not to call her as a witness in the hearing, so that would conclude our witnesses, Judge. But I do have a subpoena for the trial that she was served for and I've admonished her to abide by the subpoena, but I also told her that the court may want to inquire as to

---

[7] Resp. Ex. B, Transcript of the hearing on the motion to suppress (Suppression Tr.) at 365-66, 379-80.

why she was not here Thursday. But I
don't anticipate calling her, Judge.

Prosecutor: Judge, she's also under
my subpoena for trial and I'd like
her to understand she needs to be
here for that as well.

The Court: Okay. Mr. Emery, you
understand what your lawyer just
said?

Defendant: Yes, sir.

The Court: You're in agreement with
that, aren't you?

Defendant: Yes, sir.

(Exhibit "K," pages 4-5.)[8] Thus, the record
demonstrates that the Defendant understood and
agreed that Ms. Danielowicz would not be
called as a witness in support of his Motion
to Suppress.  The Defendant may not seek to go
behind his sworn testimony in a post
conviction motion. Stano v. State, 520 So.2d
278 (Fla. 1988); Dean v. State, 580 So.2d 808
(Fla. 3d DCA 1991); Bir v. State, 493 So.2d 55
(Fla. 1st DCA 1986). The Defendant's claim as
to Ms. Danielo[w]icz is denied.

     With respect to the Defendant's claim
that Captain Trew should have been called as a
witness at his suppression hearing, this Court
notes that the Defendant bears the burden of
establishing a valid ineffective assistance
claim. Freeman v. State, 761 So.2d 1055, 1061
(Fla. 2000); Kennedy v. State, 547 So.2d 912
(Fla. 1989); Parker v. State, 603 So.2d 616,
617 (Fla. 1st DCA 1992). In Parker v. State,
the First District Court of Appeal affirmed
the denial of Parker's Rule 3.850 motion where
the Court found that Parker had failed to meet
this burden:

---

[8] See Resp. Ex. C, Transcript of the Jury Selection, at 385.

> Appellant's allegations of
> ineffective assistance of counsel
> are stated as mere conclusions,
> unsupported by allegations of
> specific facts which, when
> considered in the totality of the
> circumstances, are not conclusively
> refuted by the record and
> demonstrate a deficiency of counsel
> that was detrimental to the
> defendant. As such, the allegations
> are facially insufficient to
> demonstrate entitlement to relief.

Id. at 616. The Florida Supreme Court affirmed
this ruling stating it would not address the
issues "because they are bare bones,
conclusory allegations." Parker v. State, 904
So.2d 370, 375 n.3 (Fla. 2005); see Gordon v.
State, 863 So.2d 1215, 1218 (Fla. 2003) ("A
defendant may not simply file a motion for
post conviction relief containing conclusory
allegations that his or her trial counsel was
ineffective and then expect to receive an
evidentiary hearing."). This Court finds that
the Defendant's claim that trial counsel
failed to call Captain Trew as a witness at
the suppression hearing is conclusory and
insufficiently pled. Parker, 904 So.2d at 375;
Strickland, 466 U.S. 668. While the Defendant
refers to Captain Trew's deposition to support
his claim, the Defendant attached only two
pages of what appears to be deposition
testimony. Additionally, there is no
indication in the Defendant's exhibit that the
deponent is Captain Trew. (Defendant's Exhibit
"A.") This Court finds that the Defendant's
claim as to Captain Trew is insufficiently
pled.

Assuming arguendo that the Defendant's
claim was sufficiently plead and that he had
demonstrated error by trial counsel, the
Defendant has not shown prejudice. The
Defendant testified at the suppression hearing
regarding his visit with Ms. Danielowicz:

> . . . And that's when he asked me if
> I could have -- I asked him if I can
> have a visit with her before I took
> my statement, and I believe it was
> Captain Allen Trew came back there
> and made arrangements for me to
> speak with Misty before my
> statement.
>
> . . .
>
> After it got time -- after -- I
> was supposed to take the statement
> after I was allowed to visit with
> Misty. And after I told Misty it was
> my way of trying to get her out of
> this, I told her to leave so that
> way she'd be gone.
>
> (Exhibit "D," pages 89-90.) Thus, when the
> trial court denied the Defendant's Motion to
> Suppress, it considered the Defendant's claim
> that he gave the sworn statement to detectives
> because Captain Trew allowed Ms. Danielowicz
> to visit the Defendant. Consequently, the
> Defendant's first claim is denied.

Resp. Ex. N at 194-98. On Petitioner's appeal, the appellate court

affirmed the denial per curiam.

Accordingly, this ineffectiveness claim was rejected on the

merits by the state trial and appellate courts. As there are

qualifying state court decisions, this claim will be addressed

applying the deferential standard for federal court review of state

court adjudications required by AEDPA. After a thorough review of

the record and the applicable law, the Court concludes that the

state courts' adjudications of this claim were not contrary to

clearly established federal law and did not involve an unreasonable

application of clearly established federal law. Nor were they

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Therefore, Petitioner Emery is not entitled to relief on the basis of this claim.

Even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit.   In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence.   The presumption that counsel's performance was reasonable is even stronger when, as in this case, counsel is an experienced criminal defense attorney.[9] The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of

---

[9] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001); see Williams v. Head, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), cert. denied, 530 U.S. 1246 (2000).   Refik Werner Eler was admitted to the Florida Bar in 1987. See http://www.floridabar.org.   Further, this Court takes judicial notice of the record in Stephens v. McNeil, et al., Case No. 3:08-cv-260-J-32JRK, in which Eler testified that he graduated from law school in 1986, prosecuted for the State Attorney's Office from 1986 to 1989, and then pursued primarily criminal defense work at private law firms from 1989 through the time of the post-conviction evidentiary hearing in 2004.   See Case No. 3:08-cv-260-J-32JRK, Respondents' Habeas Corpus Checklist (Doc. #14), Exhibit EE, Transcript of August 26, 2004 Evidentiary Hearing, at 29-30.   Thus, at the time of Emery's pretrial suppression hearing in December 2001 and criminal trial in 2002, Eler had been practicing criminal defense law for over twelve years.

professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690.
"[H]indsight is discounted by pegging adequacy to 'counsel's
perspective at the time' . . . and by giving a 'heavy measure of
deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S.
374, 381 (2005) (citations omitted). Thus, Petitioner must
establish that no competent attorney would have taken the action
that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d
1314, 1319-20 (11th Cir. 2003).

Prior to trial, defense counsel filed a Motion to Suppress
Statements, Admissions and Confessions (motion to suppress),
arguing that Emery's statements to the officers of the Clay County
Sheriff's Office were not freely and voluntarily given and were a
result of threats, promises and inducements. Resp. Ex. A at 87-89.
At the suppression hearing, <u>see</u> Suppression Tr., the State called
three witnesses (Lieutenant Jimmy Redmond and Lieutenant Jason
Bennett, the investigating officers; and Vicki Eaves, the
stenographer who took Emery's sworn statement); the defense called
Emery; and the State called three rebuttal witnesses (James Deese,
Greg Burnsed, Chuck Brannon). During the suppression hearing,
defense counsel cross-examined the State's witnesses regarding
Emery's allegations of physical abuse and his visit with Ms.
Danielowicz. Additionally, Emery testified concerning both the
alleged physical abuse as well as his visit with Ms. Danielowicz.
<u>Id</u>. at 330-65. As noted by the post conviction court (Resp. Ex. N

16

at 195-96), defense counsel decided that he would not call Ms. Danielowicz as a witness in support of the motion to suppress, and the trial judge verified that Emery understood and agreed with counsel's decision.   Resp. Ex. C at 385.   In reviewing the testimony elicited at the suppression hearing, it is evident that defense counsel presented sufficient facts supportive of the allegations in the motion to suppress by calling Emery as a witness and by cross-examining the State's witnesses.   Thus, Petitioner has failed to establish that counsel's failure to call Captain Allen Trew[10] and Ms. Danielowicz in support of the motion to suppress was deficient performance.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.   Indeed, the trial judge was apprised of Emery's contention that he involuntarily gave the statements in exchange for a visit with Ms. Danielowicz and due to the physical abuse he suffered.   However, in denying the motion to suppress (Resp. Ex. A at 99-103) and acknowledging his responsibility to judge the credibility of witnesses in a suppression hearing, the trial judge opined that Emery was not truthful in the proceeding, id. at 102.   Further, at the trial, Emery testified that his May 2, 2000 sworn statement was involuntarily given due to physical abuse and in exchange for a visit with Ms. Danielowicz.   See Tr. at 569-76.   Petitioner has not

---

[10] See Pet. Ex. A, Deposition excerpt of Captain Allen Trew.

shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## B. Ground Two

Petitioner contends that defense counsel was ineffective because he failed to preserve for appellate review, move for a mistrial and object to the prosecutor's violations concerning a motion in limine.  In support of his argument, Petitioner listed the violations allegedly committed by the prosecutor.  See Amended Petition at 8-11.  As acknowledged by the parties, Petitioner raised this claim in his 3.850 motion.  After identifying the two-prong Strickland ineffectiveness test as the controlling law, the trial court denied the 3.850 motion with respect to this issue, stating in pertinent part:

> In the Defendant's second ground, he claims that counsel was ineffective for failing to object when the prosecutor violated the motion in limine. (Defendant's Motion at 7-10.)[11]  Trial counsel filed "Motion in Limine #2," which asked the trial court to prohibit, "any and all argument and testimony or evidence regarding his alleged statements immediately after this incident to the effect that 'he wanted to go back out and kill a cop, steal a cop [car]' or [do] other crimes,

---

[11] See Resp. Ex. A at 107-08, Motion in Limine #2.

wrongs or acts." (Defendant's Motion at 7-10;
Exhibit "L.") Before opening statements and
outside the presence of the jury, the trial
court heard the parties' arguments on the
Motion in Limine #2, and decided to reserve
judgment on the Motion. (Exhibit "M," pages 8-
11.)[12] After the prosecutor explained why he
thought the statement was relevant and
therefore admissible, the trial court
responded:

> The Court: Let's just wait and see.
> Let him proffer that when that time
> comes and then I'll make a
> determination whether or not **it's**
> admissible.  Just don't mention it
> on opening statement, all right?
>
> Prosecutor: Yes, sir. Judge, we need
> one minute to advise our witnesses
> about that stuff.

(Exhibit "M," page 10-11; emphasis added.)[13]
The "it" the trial court did not want the
prosecutor to mention was the statement that
was at issue in the Motion in Limine #2:  that
the Defendant "wanted to go back out and kill
a cop, steal a cop [car]."

A review of the record, including the
statements listed by the Defendant, the
State's proffers, and the trial court's
limiting instructions, demonstrates that the
State did not violate "Motion in Limine #2."
(Exhibit "M," pages 72-76.) In fact, the trial
court denied the Motion in Limine when the
State proffered Sandra Bryant's testimony.
(Exhibit "M," pages 56-60.) Later, when the
State proffered Daniel Lee Bryant's testimony,
trial counsel renewed his objection to the
admissibility of the statement, and the trial
court instructed the parties that references
to police officers should be taken out of any

---

[12] Tr. at 8-13.

[13] Tr. at 11.

19

> statement that the Defendant "wanted to go
> back out and do it again," meaning shoot
> someone else. (Exhibit "M," pages 72-76.) As
> the Defendant has misconstrued the scope of
> the trial court's limiting instruction and
> failed to demonstrate that trial counsel
> committed error, the Defendant's second ground
> is denied.

Resp. Ex. N at 198-99.   Following Petitioner's appeal, the

appellate court affirmed the denial per curiam.

This ineffectiveness claim was rejected on the merits by the

state trial and appellate courts.   Thus, as there are qualifying

state court decisions, this claim will be addressed applying the

deferential standard for federal court review of state court

adjudications.   After a thorough review of the record and the

applicable law, the Court concludes that the state courts'

adjudications of this claim were not contrary to clearly

established federal law, did not involve an unreasonable

application of clearly established federal law, and were not based

on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.   Thus,

Petitioner is not entitled to relief on the basis of this claim.

Nevertheless, even assuming that the state courts'

adjudications of this claim are not entitled to deference under

AEDPA, Petitioner's claim is without merit.   The following facts

are relevant for resolution of the claim.   Defense counsel filed a

Motion in Limine #2 (motion in limine), in which he requested that

the court "prohibit any and all argument, testimony or evidence

regarding his alleged statements immediately after this incident to the effect that 'he wanted to go back out and kill a cop, steal a cop car' or [do] other crimes, wrongs or acts . . ." Resp. Ex. A at 107.   After hearing the parties' arguments on the motion in limine, the trial judge reserved ruling on the motion.   Tr. at 8-13.   After the State proffered Sandra Bryant's testimony,[14] id. at 56-59, the trial court heard additional argument by counsel and then denied the motion in limine, explaining that the statement's probative value outweighed the prejudice to Emery.   Id. at 59-60. After the State proffered Daniel Lee Bryant's testimony,[15] id. at 72-75, the following colloquy ensued:

> THE COURT: What's the relevance of the killing a cop part of it except to inflame the jury here?  I mean, obviously it's all right for him to say the testimony that he'd like to go back and kill somebody again because that kind of proves the part of the proof that he did this killing which he's being tried for here today.   But to add that part about the cop --
>
> [PROSECUTOR]: Judge, the only relevance would be is [sic] that Emery consistently told people that the person he killed the first time was a cop.   He said that he walked up on the victim.   The victim held up his hands and the victim said, Wait.   I'm a cop.   And he

_____

[14] Sandra Bryant testified, on proffer, that she heard Emery say that "once he saw the blood splatter, he just wanted to go out and do it again."   Tr. at 57.

[15] Daniel Bryant testified, on proffer, that he heard Emery talking about going back and maybe killing a cop and stealing a cop car.   Tr. at 72-76.

didn't care; he shot him.  Otherwise, I would
agree there's no relevance to it.

THE COURT: Anything in response?

[DEFENSE COUNSEL]: Just to renew my
argument that it's Williams' Rule.  And even
if it wasn't, it's more prejudicial than
probative.  I mean, the only mention about
this cop comes from is [sic] Emery's alleged
statements to the police.

I think that's kind of far out in left
field, Judge.  I mean, I can see the court's
analysis earlier about "I want to do it again"
sort of relevant and probative, but I still
suggest it's a .403 issue.  But this clearly
is outside the realm of what I think is
material to a relevant issue in the case.  I
mean, the victim is dead whether he's a cop or
a human being or a civilian.  And the cop
issue I think is inflammatory.

[PROSECUTOR]: Judge, what if we limit his
testimony just to say that he heard him say: I
watched the guy's blood spill and I wanted to
go out and do it again?

THE COURT: I don't have any problem with
that because that goes to prove that he did
this crime he's being tried for.

Id. at 75-76.

Thus, defense counsel convincingly argued that any reference

to Emery's statement of his going back and killing a cop was

prejudicial.  The trial judge agreed that Emery's exclamations that

he wanted to go back out and steal a cop car and kill a cop was

prejudicial since such statements would inflame the jury.

Therefore, the prosecutor agreed that the testimony would be

limited to "I wanted to go out and do it again."  As stated by the

post conviction court, Emery misconstrued the scope of the trial court's ruling and the prosecutor's concession. See id. at 59, 76. The scope of the motion in limine was quite limited and did not include any and all testimony referring to the victim's claiming to be a cop.   Thus, the record reflects that defense counsel's performance was not deficient.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.   Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.[16] Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## C. Ground Three

Petitioner claims that defense counsel was ineffective because he failed to preserve for appellate review and object to multiple instances of prosecutorial misconduct.   He alleges that the prosecutor's egregious conduct included bolstering the credibility of the State's witnesses, misquoting the State's witnesses, giving personal beliefs regarding defense theories and eliciting sympathy

---

[16] As previously stated, with respect to an ineffectiveness claim that trial counsel failed to preserve the issue for appeal, the appropriate prejudice inquiry is whether "there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis, 341 F.3d at 1316.

for the victim by misleading the jury into believing the victim was

a law enforcement officer.  See Amended Petition at 12-14 (citing

Tr. at 681, 683, 686-90, 695, 697).  Petitioner raised this claim

in his 3.850 motion.  After identifying the two-prong Strickland

ineffectiveness test as the controlling law, the trial court denied

the 3.850 motion with respect to this issue, stating in pertinent

part:

> The Defendant's third ground avers that
> trial counsel was ineffective for failing to
> object to "numerous instances of prosecutorial
> misconduct." (Defendant's Motion at 11-15.)
> The Defendant claims that the prosecutor both
> improperly bolstered the credibility of State
> witnesses and improperly injected statements
> of personal belief or opinion.  The Defendant
> cites to statements th[at] were all made
> during the prosecutor's closing argument.
> This Court notes that attorneys are allowed a
> wide latitude to argue to the jury during
> closing argument.  Breedlove v. State, 413
> So.2d 1, 8 (Fla. 1982). Attorneys may also
> draw logical inferences and advance legitimate
> arguments in their closing statements.  Thomas
> v. State, 748 So.2d 970, 984 (Fla. 1984).
> Therefore, when a defendant claims that a
> prosecutor has made an improper comment during
> closing argument such that a new trial is
> required, the defendant must show that,
>
> > the comments must either deprive the
> > Defendant of a fair and impartial
> > trial, materially contribute to the
> > conviction, be so harmful or
> > fundamentally tainted as to require
> > a new trial, or be so inflammatory
> > that they might have influenced the
> > jury to reach a more severe verdict
> > than that it would have otherwise.
>
> Walls v. State, 926 So.2d 1156, 1167 (Fla.
> 2006), citing Spencer v. State, 645 So.2d 377,

383 (Fla. 1994). In the instant case, the prosecutor made his comments in the context of explaining how witness testimony was consistent or how a particular witness may have lacked the motivation to lie. (Exhibit "N," pages 672-705.) This Court finds that the prosecutor's comments in closing statement were a logical inference based on witness testimony. See Thomas, 748 So.2d at 984. A fair reading of the prosecutor's comments does not show that they were so harmful as to require a new trial or so inflammatory that the jury reached a more severe verdict. See Walls, 926 So.2d at 1167, citing Spencer, 645 So.2d at 383.

The Defendant also claims that in closing arguments, the prosecutor improperly commented on the defense's conspiracy theory. As the State points out in its Response, the defense theory was that State's witnesses conspired to lie about the Defendant's statements and how they were obtained. (State's Response at 3.) Thus, the prosecutor's comment in closing was not only proper, but it was an "invited response" to the defense's theory of the case. Walls v. State, 926 So.2d 1156, 1166 (Fla. 2006) (citations omitted). As the Defendant has failed to demonstrate prosecutorial misconduct and failed to demonstrate that trial counsel committed error, the Defendant's third ground is denied.

Resp. Ex. N at 199-200. Following an appeal by Emery, the appellate court affirmed the denial per curiam.

As this ineffectiveness claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions. Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state courts'

25

adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit. In reviewing the State's closing argument, see id. at 672-707, this Court concludes that the prosecutor's comments were not improper. Thus, defense counsel's performance (failing to object to the prosecutor's comments) was not deficient since any objection would have been meritless.

And, even assuming arguendo deficient performance by defense counsel, Petitioner has not shown resulting prejudice. Attorneys are permitted wide latitude in their closing arguments, and the record reflects that the trial judge instructed the jury that the attorneys were not witnesses in the case, and therefore their statements and arguments were not evidence. Tr. at 15, 636; see Hammond v. Hall, 586 F.3d 1289, 1334 (11th Cir. 2009); Brown v. Jones, 255 F.3d 1273, 1280 (11th Cir. 2001) (citations omitted) (stating that "jurors are presumed to follow the court's instructions."), cert. denied, 534 U.S. 1085 (2002). Further, defense counsel reminded the jury: "[W]hat I say is not evidence

26

and what Mr. Collins and Ms. Hentschel says [sic] is not evidence. Evidence comes from the witness stand." Tr. at 637. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.[17] Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.[18]

### D. Ground Four

Petitioner claims that defense counsel was ineffective because he failed to challenge the sufficiency of the Indictment by filing a motion to dismiss or object to the jury instruction concerning principals when he was not charged as a principal in the Indictment. Petitioner raised this claim in his 3.850 motion. After identifying the two-prong Strickland ineffectiveness test as

---

[17] Again, Petitioner has failed to show that "there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." See Davis, 341 F.3d at 1316.

[18] The reversal of a conviction is warranted only when improper comments by a prosecutor have "'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.' Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974))." Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001). This Court has thoroughly reviewed the record and is convinced that the comments did not result in a due process violation. Thus, counsel was not ineffective for failing to object to the prosecutor's argument.

the controlling law, the trial court denied the 3.850 motion with
respect to this issue, stating in pertinent part:

> In the Defendant's fourth ground, he
> submits that trial counsel was ineffective for
> failing to object to the "Principals
> Instruction" that was given to the jury, where
> the defendant was not charged as a Principal
> in the Indictment. (Defendant's Motion at 16-
> 19; Exhibit "O.") As explained in State v.
> Roby, 246 So.2d 566, 571 (Fla. 1971), the
> Defendant's jury was properly instructed:
>
>> [A] person is a principal in the
>> first degree whether he actually
>> commits the crime or merely aids,
>> abets or procures its commission,
>> and it is immaterial whether the
>> indictment or information alleges
>> that the defendant committed the
>> crime or was merely aiding or
>> abetting in its commission, so long
>> as the proof established that he was
>> guilty of one of the acts denounced
>> by the statute.
>
> A review of the record shows that the State
> presented sufficient evidence of both of the
> charged crimes in the indictment: Murder in
> the First Degree (Count One) and Attempted
> Armed Robbery (Count Two). Accordingly, the
> Defendant's fourth claim is denied.

Resp. Ex. N at 200-01.  Upon Petitioner's appeal, the appellate
court affirmed the denial per curiam.

Accordingly, this ineffectiveness claim was rejected on the
merits by the state trial and appellate courts.  As there are
qualifying state court decisions, this claim will be addressed
applying the deferential standard for federal court review of state
court adjudications required by AEDPA.  After a thorough review of

the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Nevertheless, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit. Counsel's performance was not deficient since the Indictment, see Resp. Ex. A at 48-50, sufficiently charged Emery with first degree murder and attempted armed robbery; there was no basis upon which to challenge the Indictment. While defense counsel objected to the jury instruction on principals, see Tr. at 630, the jury instruction was properly given. See id.; State v. Larzelere, 979 So.2d 195, 215-16 (Fla. 2008) (per curiam). Any motion attacking the Indictment or further challenge to the jury instruction on principals would have been meritless.

And, even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Here, the State adduced sufficient evidence to prove that Emery was the actual perpetrator of the first degree murder and attempted armed robbery. See Tr. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if

29

his lawyer had given the assistance that Petitioner has alleged he should have provided.   Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

### E. Ground Five

Petitioner also contends defense counsel provided ineffective assistance based upon the effect of his cumulative errors, including those set forth in grounds one through four as well as the following instances of counsel's ineffective representation: (a) improperly opening the door to hearsay evidence during his questioning of Brianna Moody; (b) failing to object to the admission of firearm evidence on the basis that the State had failed to establish the chain of custody; (c) failing to enter exculpatory evidence to preserve first and last closing arguments; (d) failing to request a jury instruction on third degree murder; (e) failing to request a curative instruction after the jury sent a question to the trial court during deliberations; and (f) failing to file a sufficient motion for judgment of acquittal.   Petitioner sufficiently raised this ineffectiveness claim in his 3.850 motion. See Resp. Ex. M at 117.   After identifying the two-prong Strickland ineffectiveness test as the applicable law, the trial court denied the 3.850 motion with respect to this issue, stating in pertinent part:

> The Defendant's fifth claim avers that
> the cumulative effect of trial counsel's

ineffective assistance of counsel demands that
the Defendant is entitled to a new trial.
(Defendant's Motion at 21-29.)[19]  Notably,
the Defendant concedes that individually, none
of the six alleged errors is enough to warrant
relief, but that cumulatively, they constitute
ineffective assistance of counsel.
(Defendant's Motion at 22.)

In the Defendant's first subclaim he
submits that trial counsel improperly opened
the door to hearsay evidence during his
questioning of Brianna Moody. (Defendant's
Motion at 22.) On recross-examination, trial
counsel attempted to impeach Ms. Moody's
testimony with a written statement she had
previously provided to detectives. (Exhibit
"M," pages 52-54.) It appears that trial
counsel's purpose through this line of
questioning was to get Ms. Moody to admit that
the substance of her written statement was
based solely on information she received from
Shawn McDaniels. (Exhibit "M," page 52-53.) In
fact, Ms. Moody admitted to trial counsel that
Shawn McDaniels was the source of the
information she provided in her written
statement to detectives. (Id.)

However, on second redirect, the
prosecutor was then allowed to elicit hearsay
evidence, that is, what Mr. McDaniels told Ms.
Moody, because the trial court found that
trial counsel had opened the door through his
questions on recross. (Exhibit "M," page 54-
55.) Ms. Moody then testified that Mr.
McDaniels told her that the Defendant had shot
someone. (Exhibit "M," pages 54-55.)

This Court notes that the "standard is
reasonably effective counsel, not perfect or
error-free counsel." Coleman v. State, 718
So.2d 827, 829 (Fla. 4th DCA 1998). Moreover,
Ms. Moody's testimony on second redirect was
not the only witness testimony that identified
the Defendant as the shooter. Six witnesses

---

[19] Resp. Ex. M at 117-25.

testified that the Defendant stated that he
had shot someone or that he wanted to go back
out and shoot someone again. (Exhibits "M,"
pages 66-67, 82-83, 101-104, 138-140, 159-60,
185-188.) Therefore, this Court finds that any
error by trial counsel that opened the door
for Ms. Moody to testify to hearsay statements
by Mr. McDaniels was harmless.

The Defendant's second subclaim is that
trial counsel was ineffective for failing to
object to the admission of firearm evidence on
the basis that the State had failed to
establish the chain of custody. (Defendant's
Motion at 23.) A review of the record shows
that FDLE Laboratory Analyst John Ho[l]mquist,
Clay County Deputy Sheriff Russell Monson, and
Clay County Lieutenant Jimm Redmond, testified
to the chain of custody of the firearm
evidence. (Exhibit "P," pages 283-89, 306-311,
321-329.) Thus, the Defendant's second
subclaim is without merit and is denied.

The Defendant's third subclaim is that
trial counsel committed ineffective assistance
of counsel for failing to "enter exculpatory
evidence to preserve first and last closing
arguments." (Defendant's Motion at 24.) This
Court notes that the Defendant admits in his
Motion that trial counsel discussed the
reasons why it was in the Defendant's best
interest to preserve the right to first and
last closing arguments.  During a colloquy
with the trial court on the Defendant's right
to testify and present witnesses, the
Defendant stated that he discussed these
issues with trial counsel and that it was the
Defendant's decision to testify and not to
present evidence or witnesses so that he could
preserve first and last closing arguments.
(Exhibit "Q," pages 529-34. )[20] The Defendant
may not seek to go behind his sworn testimony
in a post conviction motion. <u>Stano v. State</u>,
520 So.2d 278 (Fla. 1988); <u>Dean v. State</u>, 580
So. 2d 808 (Fla. 3d DCA 1991); <u>Bir v. State</u>,

---

[20] <u>See</u> Tr. at 529-34.

493 So.2d 55 (Fla. 1st DCA 1986). Accordingly, the Defendant's third subclaim is denied.

In the Defendant's fourth subclaim, he asserts that trial counsel was ineffective for failing to request a jury instruction on Third-Degree Murder. (Defendant's Motion at 25.) Initially, this Court notes that Third-Degree Murder is not a standard lesser-included instruction for First-Degree Murder, but is a permissive instruction. See Alpern v. State, 605 So.2d 1291, 1293 (Fla. 3d DCA 1992). This Court also notes that the Defendant was charged with Attempted Armed Robbery, and therefore did not have the requisite underlying felony to permit the giving of a lesser-included instruction on Third-Degree Murder. See § 782.04(4), Fla. Stat. (2000). Finally, a review of the record shows that trial counsel requested (and the trial court granted) that all of the standard lesser-included instructions for First-Degree Murder be given, including Second-Degree Murder, Manslaughter, Aggravated Battery, Aggravated Assault, Battery, and Assault. (Exhibit "N," pages 630-631.) As the Defendant has failed to show that trial counsel committed error, the Defendant's fourth subclaim is denied.

The Defendant's fifth subclaim is that trial counsel committed ineffective assistance of counsel when he failed to request a curative instruction after the jury sent a question to the trial court during deliberations. (Defendant's Motion at 26.) The jury's question was, "Where are [sic] the felony murder charge sheet?" (Exhibit "R.")[21] Based on the jury's question, and before the jury returned with the verdict, trial counsel made an oral motion for mistrial, which the trial court denied, and which was affirmed on appeal. (Exhibits "B," "F," "H," "N," pages 768-771.) In the instant claim, the Defendant

---

[21] See Resp. Ex. A at 148, Jury Question, dated January 10, 2002.

has failed to allege on what grounds trial
counsel should have requested a curative
instruction. The Defendant also fails to
allege how such an instruction would have
changed the outcome of his case, in light of
the fact that the jury returned with its
verdict within five minutes of being charged.
(Exhibit "S.")[22]   The Defendant's fifth
subclaim is denied.

In the Defendant's sixth subclaim, he
states that counsel was ineffective for
failing to file a "sufficient" motion for
judgment of acquittal. (Defendant's Motion at
27-28.)  The Florida Supreme Court has said
the following in reference to motions for
judgment of acquittal:

[a] defendant, in moving for a
judgment of acquittal, admits not
only the facts stated in the
evidence adduced, but also admits
every conclusion favorable to the
adverse party that a jury might
fairly and reasonably infer from the
evidence. The courts should not
grant a motion for judgment of
acquittal unless the evidence is
such that no view which the jury may
lawfully take of it favorable to the
opposite party can be sustained
under the law. Where there is room
for a difference of opinion between
reasonable men as to the proof or
facts from which an ultimate fact is
sought to be established, or where
there is room for such differences
as to the inferences which might be
drawn from conceded facts, the Court
should submit the case to the jury
for their finding, as it is their
conclusion, in such cases, that
should prevail and not primarily the
views of the judge. The credibility
and probative force of conflicting

---

[22] See Resp. Ex. A at 149-50, Verdicts.

> testimony should not be determined
> on a motion for judgment of
> acquittal.
>
> Lynch v. State, 293 So.2d 44 (Fla. 1974).
> Applying the above reasoning to the facts in
> the instant case, the Defendant's claim that
> counsel failed to argue the proper grounds in
> his Motion for Judgment of Acquittal is
> meritless. There is no reasonable probability
> that, had counsel argued as the Defendant
> suggests, such a Motion would have been
> granted and the Defendant would have been
> acquitted. Accordingly, the Defendant has
> failed to establish that he was prejudiced by
> the alleged errors of counsel. "Although in
> hindsight one can speculate that a different
> argument may have been more effective,
> counsel's argument does not fall to the level
> of deficient performance simply because it
> ultimately failed." Ferguson v. State, 593
> So.2d 508 (Fla. 1992). The Defendant's sixth
> subclaim is denied.
>
> Of the six subclaims for error alleged by
> the Defendant in this ground, this Court has
> found five subclaims to be without merit and
> the first subclaim to be harmless.
> Consequently, this Court rejects the
> Defendant's cumulative error argument. See
> Mansfield v. State, 911 So.2d 1160, 1168 n.6
> (Fla. 2005), citing Griffin v. State, 866
> So.2d 1, 22 (Fla. 2003), cert[.] denied, 543
> U.S. 962 (2004). The Defendant's fifth ground
> is denied.

Resp. Ex. N at 201-05. Following an appeal by Emery, the appellate

court affirmed the denial per curiam.

As this ineffectiveness claim was rejected on the merits by

the state trial and appellate courts, there are qualifying state

court decisions. Thus, this claim will be addressed applying the

deferential standard for federal court review of state court

adjudications.   After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim is without merit.

> As set forth above, [Petitioner] has not
> demonstrated error by trial counsel; thus, by
> definition, [Petitioner] has not demonstrated
> that cumulative error of counsel deprived him
> of a fair trial.  See Yohey v. Collins, 985
> F.2d 222, 229 (5th Cir. 1993) (explaining that
> because certain errors were not of
> constitutional dimension and others were
> meritless, petitioner "has presented nothing
> to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).  Petitioner is not entitled to relief on the basis of this cumulative error claim.

### F. Ground Six

Petitioner claims the trial court erred in overruling Emery's objection and denying his motion for mistrial when the prosecutor, during closing argument, improperly commented upon Emery's failure to produce evidence, thus violating the Fourteenth Amendment of the

36

United States Constitution.   In support of his claim, Petitioner adopted the facts and legal authority advanced in his brief on direct appeal.   Amended Petition at 28; <u>see</u> Resp. Ex. H, Initial Brief of Appellant.   As acknowledged by the parties, Petitioner raised this issue on direct appeal.   Respondents contend that this claim was not properly exhausted because Petitioner failed to raise an issue of federal constitutional dimension in the trial court and on direct appeal and thus is now procedurally barred from raising the issue in this Court.   <u>See</u> Response at 15-16.   However, this Court is satisfied that the issue has been sufficiently exhausted. <u>See</u> Resp. Ex. H;[23] Tr. at 719.   The appellate court affirmed Emery's conviction and sentence per curiam.   <u>Emery</u>, 838 So.2d 1149; Resp. Ex. J.

On direct appeal, the State, in response, addressed the merits of the claim.   P. Ex. I, Answer Brief of Appellee, at 3-13.   Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits.   If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to

---

[23] Petitioner raised the following issue:  the trial judge erred in overruling Emery's objection and denying his motion for mistrial when the prosecutor, during closing argument, improperly commented upon Emery's failure to produce evidence, thus violating the Fourteenth Amendment of the United States Constitution.  Resp. Ex. H.

deference under AEDPA.[24]  After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference under AEDPA, Petitioner's claim is without merit.  See Response at 16-18; Resp. Ex. I at 4-13; Tr. at 462-63, 467-68, 576-77, 603-06, 704-05, 718-32, 757.

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  The remainder of Petitioner's claims are without merit.  And, any claims not specifically addressed by this Court are found to be without merit.  Accordingly, for the above-stated reasons, the Amended Petition will be denied, and this case will be dismissed with prejudice.

---

[24] See Wright, 278 F.3d at 1255.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  See Slack, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

39

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition (Doc. #8) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.    If Petitioner appeals the denial of the Amended Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September, 2010.

MARCIA MORALES HOWARD
United States District Judge

```
sc 9/7
c:
John Emery
Ass't Attorney General (McCoy)
```